UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHNNIE BULLOCK,

    Petitioner,

v.    CASE NO. 6:13-cv-1632-Orl-31DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Thereafter, Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7). Petitioner filed a reply (Doc. No. 15) and an amended reply (Doc. No. 17).

Petitioner alleges three claims for relief in his habeas petition: (1) the trial court erred by reading an improper jury instruction for the lesser included offense of manslaughter; (2) he was deprived of a fair trial due to the improper consolidation of his cases and evidence at trial; and (3) the state court erred when it failed to invoke the "manifest injustice standard of review." As discussed hereinafter, the Court finds that the petition is untimely and must be denied.

I.  *Procedural History*

Petitioner was charged in state court case number 02-32384 ("case 02-32384") with

first degree murder (count one) and armed robbery with a firearm (count two) (App. S at 50-51). In state court case number 02-32416 ("case 02-32416"), Petitioner was charged with one count of robbery. *Id.* at 1068. Finally, in state court case number 02-32437 ("case 02-32437"), Petitioner was charged with one count of grand theft. *Id.* at 1099. The cases were consolidated for trial. *Id.* at 1089. Petitioner was convicted of the lesser included offense of second degree murder in case 02-32384 and of the remaining counts in each case as charged. *Id.* at 874-75, 1090, 1119. On June 6, 2005 the trial court sentenced Petitioner as follows: in case 02-32384, to life in prison for count one as a prison releasee reoffender and to a consecutive thirty-year term of imprisonment for count two as a prison releasee reoffender; in case 02-32416, to a fifteen-year term of imprisonment as a prison releasee reoffender; and in case 02-32437, to a five-year term of imprisonment. *Id.* at 885-892, 1093, 1122. The sentence in case 02-32416 was ordered to run consecutively to the sentences in case 02-32384, and the sentence in case 02-32437 was ordered to run consecutively to the sentence in case 02-32416. *Id.* at 1096, 1125.

On January 17, 2006, Petitioner, through counsel, filed a motion to correct sentencing error pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure (App. C). On April 26, 2006, the trial court held a hearing on the motion, after which it granted Petitioner's motion and resentenced Petitioner to the same terms of imprisonment with regard to all but the armed robbery charge (App. Q). The trial court noted that the sentence for armed robbery was a mandatory life term and imposed that

2

sentence upon Petitioner. *Id.* The trial court also ordered the sentences for each case to run concurrently. *Id.*

On May 30, 2006, Petitioner filed a second Rule 3.800(b)(2) motion to correct sentencing error (App. D). On July 5, 2006, the trial court again resentenced Petitioner, finding that the sentence for the armed robbery charge should be life imprisonment and the sentence for the grand theft charge should not be imposed as a prison releasee reoffender (App. S). Petitioner appealed, and the Fifth District Court of Appeal affirmed on November 9, 2007 (App. I). *See also Bullock v. State*, 969 So. 2d 1125 (Fla. 5th DCA 2007) (affirming but remanding with directions that the sentencing documents be corrected to delete the imposition of costs). Mandate issued on November 28, 2007 (App. I).

On March 9, 2012,[1] Petitioner filed a Rule 3.850 motion for post-conviction relief (App. J). The trial court denied Petitioner's motion on September 21, 2012, finding it was untimely filed (App. K). Petitioner appealed, and on February 12, 2013, the appellate court *per curiam* affirmed (App. N). Mandate issued on March 8, 2013. *Id.* On February 19, 2013, Petitioner filed a notice to invoke discretionary jurisdiction with the Supreme Court of Florida (App. O). On April 8, 2013, the Supreme Court of Florida dismissed the

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

notice for lack of jurisdiction (App. P). Petitioner filed his federal habeas petition on October 17, 2013 (Doc. No. 1).

## II. *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, Petitioner was resentenced on July 5, 2006, which restarted the one-year limitations period. *See Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th

Cir. 2007) (holding the "AEDPA's statute of limitations runs from the date the judgment pursuant to which petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving becomes final"). Petitioner appealed from the resentencing proceeding, and the state appellate court entered its affirmance on November 9, 2007. Petitioner then had ninety days, or through February 7, 2008, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13(3). Thus, under § 2244(d)(1)(A), the judgment of conviction became final on February 7, 2008, and Petitioner had through February 7, 2009, absent any tolling, to file a federal habeas petition.

Petitioner's federal habeas petition, filed on October 17, 2013, is untimely filed. The Court is aware that Petitioner filed a Rule 3.850 motion for post-conviction relief in the state court. However, because the one-year period expired before Petitioner initiated that action, the tolling provision of section 2244(d)(2) does not apply. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the instant untimely federal habeas petition must be denied.

To overcome his untimely filing, Petitioner alleges that a fundamental error occurred during his trial (Doc. No. 1 at 18; Doc. No. 15; Doc. No. 17). Petitioner states

5

that the trial court improperly charged the jury with regard to the lesser included offense of manslaughter. *Id.* Petitioner states that he can raise this fundamental error at any time. *Id.* However, contrary to Petitioner's assertions, there is no "fundamental error" exception to the one-year limitations period. *See Boaz v. Sec'y, Fla. Dep't of Corr.*, No. 3:11-cv-542-J-32JBT, 2014 WL 3341309, at *3 (M.D. Fla. July 8, 2014) (citing *Wright v. Florida*, No. 8:06-cv-1704-T-27EAJ, 2008 WL 1986184, at *5 (M.D. Fla. May 6, 2009)). Therefore, Petitioner has not demonstrated that he is entitled to equitable tolling.

To the extent that Petitioner contends that the issuance of *State v. Montgomery*, 39 So. 3d 252 (Fla. 2010) (holding Florida's standard jury instruction on manslaughter improperly required the jury to find that the defendant intentionally caused the death of the victim), restarted the one-year limitations period, the Court concludes that Petitioner's claim is without merit. Section 2244(d)(1)(C) provides the one-year limitations period may run from the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *Montgomery* is not a decision from the Supreme Court of the United States. Furthermore, Florida courts have held that *Montgomery* is not retroactive to cases on collateral review. *See e.g.*, *Wesley v. State*, 126 So. 3d 389 (Fla. 4th DCA 2013). Thus, *Montgomery* did not restart the one-year limitations period.

Even assuming the *Montgomery* decision triggered § 2444(d)(1)(C), Petitioner did not file his federal habeas petition within one year from the date *Montgomery* was issued.

Although Petitioner attempted to exhaust his claim regarding *Montgomery* in the state court, his Rule 3.850 motion was dismissed as untimely filed. Petitioner's untimely Rule 3.850 motion did not toll the time for filing a federal petition. *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir. 2006) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (quotation omitted)). Consequently, Petitioner has failed to demonstrate that his untimely petition should be excused.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

## III.    *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the

requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Johnnie Bullock (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 1st day of October, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 10/1
Counsel of Record
Johnnie Bullock